FRANK SORRENTINO, ESQ.
Nevada Bar No. 000421
ANTHONY V. SORRENTINO, ESQ.
Nevada Bar No. 000420
1118 E. Carson Ave.
Las Vegas, Nevada   89101
E-Mail: carson@franksorrentino.com
(702) 384-6824
Attorneys for Debtors

**E-filed**:  5/11/12

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: ) | BK-S-12-14295-BAM |
| ) | Chapter 13 |
| **ESTEBAN FRAGA and** ) | Trustee: Rick A. Yarnall |
| **OFELIA FRAGA** ) | |
| ) | |
| Debtors. ) | Date:  June 21, 2012 |
| ) | Time:  3:15 p.m. |

### MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF BANK OF AMERICA, NA, PURSUANT TO 11 U.S.C. §506(a) AND §1322

Debtors, ESTEBAN FRAGA and OFELIA FRAGA, by and through their attorney, the LAW OFFICE OF FRANK SORRENTINO, hereby move this Court for its Order valuing collateral and modifying the rights of Creditor BANK OF AMERICA, NA, pursuant to 11 U.S.C. §506(a) and §1322, and Bankruptcy Rules 3012 and 9014.  In furtherance of this motion, Debtors state as follows:

1.     Debtors filed the above captioned Chapter 13, case number BK-S-12-14295-BAM on April 11, 2012.

2.     On the petition date, Debtors owned real property located at 1814 Poplar Ave., Las Vegas, NV 89101 (hereinafter the "Property").

3.      The value of the Property was $35,000.00 as of the petition date.  An appraisal, performed by Steven D. Protheroe of Desert Appraisals on April 4, 2012, verified that the appraised value of said property is $35,000.00.  (Copy of appraisal is attached hereto as Exhibit "A").

4.      As of the petition date, the Property was encumbered by a First Trust Deed in favor of SETERUS securing a note with a principal balance of $124,715.00.

5.      As of the petition date, no equity existed in the Property above the claim of SETERUS with respect to the First Trust Deed.

6.      BANK OF AMERICA, NA, holds a Second Trust Deed securing a note with a principal balance of $34,322.00.  This Second Trust Deed was wholly unsecured on the petition date and if the Property were to be sold at auction, BANK OF AMERICA, NA, would receive nothing with respect to the Second Trust Deed.  This Second Trust Deed was recorded in the Office of the Clark County Recorder as instrument 20061121-04006 on November 21, 2006.

7.      The Debtors therefore take the position that BANK OF AMERICA, NA's note secured by Second Trust Deed is unsecured and should be reclassified as a general unsecured claim to receive pro rata with other general unsecured creditors through the Debtors' Chapter 13 Plan.

## LEGAL ARGUMENT

In *In re Zimmer,* 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. §506(a), despite the anti-modification language in §1322(b)(2). Specifically, the Court held:

-2-

Section 506(a) divides creditors' claims into "secured...claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the Debtors' property, §506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extend of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

...

To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." Here, it is plain that BANK OF AMERICA, NA's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Since BANK OF AMERICA, NA's Second Trust Deed is wholly unsecured (in that there is no equity above the first mortgage in the Property), this Court should reclassify BANK OF AMERICA, NA's second mortgage claim to a general unsecured claim to receive pro rata with like unsecured creditors. BANK OF AMERICA, NA, should also be stripped of its secured rights under State law and the recorded Second Trust Deed should be expunged from the county records to give effect to this Court's order.

Moreover, Debtors may bring a motion to "strip off" BANK OF AMERICA, NA's Second Trust Deed and are not required to file an adversary proceeding. See *In re Williams*, 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller*, 255 B.R. 300

(Bankr.W.D.Mich.2000), *In re Hoskins*, 262 B.R. 693 (Bankr.E.D.Mich.2001), *In re King*, 290 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh*, 302 B.R. 90 (Bankr.D.Idaho2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360 (Bankr.M.D.Pa.2003), *In re Hill*, 304 B.R. 800 (Bankr.S.D.Ohio2003); *In re Sadala*, 294 B.R. 180 (Bankr.M.D.Fla.2003), *In re Fisher*, 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re Robert*, 313 B.R. 545 (Bankr.N.D.N.Y.2004), *In re Bennett*, 312 B.R. 843 (Bankr.W.D.KY.2004).

WHEREFORE, Debtors pray that this Court:

1.     Find that BANK OF AMERICA, NA, is not a holder of a lien on the Property with respect to the Second Trust Deed, upon Debtors' completion of their Chapter 13 Plan.

2.     Avoid, "strip off," extinguish and expunge from the County Recorder BANK OF AMERICA, NA's wholly unsecured Second Trust Deed from the Property pursuant to 11 U.S.C. Section 506(a) upon Debtors' completion of their Chapter 13 Plan;

3.     Reclassify BANK OF AMERICA, NA's claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtors' Chapter 13 Plan; and

...

...

...

...

...

...

4.      Such other relief the Court finds appropriate.


DATED:  5/11/12

                                Respectfully submitted:
                                LAW OFFICE OF FRANK SORRENTINO


                                By: /s/ Frank Sorrentino, Esq.
                                        FRANK SORRENTINO, ESQ.
                                        Nevada Bar #000421
                                        1118 E. Carson Ave.
                                        Las Vegas, NV  89101
                                        Attorney for Debtors

EXHIBIT "A"

# APPRAISAL OF REAL PROPERTY

## LOCATED AT:
1814 Poplar Ave
Boulder Dam Homesite ADD Tract #02 plat Book 1 Page 76 Lot 20 Block 2
Las Vegas, NV 89101

## FOR:
Fraga
1814 Poplar Ave, Las Vegas, NV 89101

## AS OF:
04/04/2012

## BY:
Steven D Protheroe

# Uniform Residential Appraisal Report
File # 1205555

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

**SUBJECT**

| | |
|---|---|
| Property Address 1814 Poplar Ave | City Las Vegas   State NV   Zip Code 89101 |
| Borrower N/A | Owner of Public Record Fraga Estaban & Ofelia   County Clark |

Legal Description Boulder Dam Homesite ADD Tract #02 plat Book 1 Page 76 Lot 20 Block 2

| | | |
|---|---|---|
| Assessor's Parcel # 139-35-610-059 | Tax Year 2012 | R.E. Taxes $ 513.71 |
| Neighborhood Name Boulder Dam Homesite ADD | Map Reference MM 45-D5 | Census Tract 0005.20 |

Occupant ☒ Owner ☐ Tenant ☐ Vacant   Special Assessments $ N/A   ☐ PUD   HOA $ 0   ☐ per year   ☐ per month

Property Rights Appraised ☒ Fee Simple ☐ Leasehold ☐ Other (describe)

Assignment Type ☐ Purchase Transaction ☐ Refinance Transaction ☒ Other (describe) Bankruptcy

Lender/Client Fraga   Address 1814 Poplar Ave, Las Vegas, NV 89101

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal? ☐ Yes ☒ No

Report data source(s) used, offering price(s), and date(s). The subject has not been listed on the MLS in the past 12 months.

**CONTRACT**

I ☐ did ☐ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

Contract Price $ N/A   Date of Contract N/A   Is the property seller the owner of public record? ☐ Yes ☐ No Data Source(s)

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower? ☐ Yes ☐ No
If Yes, report the total dollar amount and describe the items to be paid.

**NEIGHBORHOOD**

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|
| Location | ☐ Urban | ☒ Suburban ☐ Rural | Property Values | ☐ Increasing | ☒ Stable ☐ Declining | PRICE $ (000) | AGE (yrs) | One-Unit | 60 % |
| Built-Up | ☒ Over 75% | ☐ 25-75% ☐ Under 25% | Demand/Supply | ☐ Shortage | ☒ In Balance ☐ Over Supply | | | 2-4 Unit | 5 % |
| Growth | ☐ Rapid | ☒ Stable ☐ Slow | Marketing Time | ☐ Under 3 mths | ☒ 3-6 mths ☐ Over 6 mths | 22 Low | 49 | Multi-Family | 5 % |
| Neighborhood Boundaries | | The Subjects Neighborhood is bounded by Owens Ave to the North, Pecos Rd | | | | 67 High | 64 | Commercial | 5 % |
| to the East, Charleston Blvd to the South, Las Vegas Blvd to the West. | | | | | | 38 Pred. | 55 | Other | 25 % |

Neighborhood Description The subject is located within close proximity to recreational facilities as well as parks. Employment centers are close by along with schools and major highways. No adverse factors affecting marketability were noted at time of inspection. Commercial uses are located along main routes and have no negative impact. 25% other present land use consists of vacant land, parks and recreation areas, schools.

Market Conditions (including support for the above conclusions) Subject's market area activity/values are declining at this time. Prices appear to be softening due to over supply. Units typically sell within 1-160 day time frame if competitvely priced and marketed properly. Conventional, government financing is tightening causing a smaller pool of qualified buyers. Lone discounts, interest buydowns, and concessions are typical.

**SITE**

| | | |
|---|---|---|
| Dimensions Refer To Plat Map | Area 6,534 Sq. Ft. | Shape Regular   View Neighborhood |

Specific Zoning Classification R-1   Zoning Description Single Family Residential District

Zoning Compliance ☒ Legal ☐ Legal Nonconforming (Grandfathered Use) ☐ No Zoning ☐ Illegal (describe)

Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use? ☒ Yes ☐ No If No, describe

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements – Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | | Water | ☒ | | Street Asphalt | ☒ | |
| Gas | | ☒ None/Typical | Sanitary Sewer | ☒ | | Alley None | | |

FEMA Special Flood Hazard Area ☐ Yes ☒ No   FEMA Flood Zone X   FEMA Map # 32003C2186F   FEMA Map Date 11/16/2011

Are the utilities and off-site improvements typical for the market area? ☒ Yes ☐ No If No, describe

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? ☐ Yes ☒ No If Yes, describe
There are no apparent adverse conditions, however this is an extrodinary assumption as my inspection was made without the benefit of a title report or survey. See comments this report.

**IMPROVEMENTS**

| General Description | | Foundation | | Exterior Description materials/condition | | Interior materials/condition | |
|---|---|---|---|---|---|---|---|
| Units ☒ One ☐ One with Accessory Unit | | ☒ Concrete Slab ☐ Crawl Space | | Foundation Walls Concrete | | Floors Cpt,Tile/Average | |
| # of Stories 1 | | ☐ Full Basement ☐ Partial Basement | | Exterior Walls Stucco / Avg | | Walls Drywall/Average | |
| Type ☒ Det. ☐ Att. ☐ S-Det/End Unit | | Basement Area 0 sq.ft. | | Roof Surface Built Up / Avg | | Trim/Finish Wood/Average | |
| ☒ Existing ☐ Proposed ☐ Under Const. | | Basement Finish 0 % | | Gutters & Downspouts Overhang / Avg | | Bath Floor Tile/Average | |
| Design (Style) 1 Story | | Outside Entry/Exit ☐ Sump Pump | | Window Type Sliding / Avg | | Bath Wainscot Tile,Fiber/Average | |
| Year Built 1952 | | Evidence of ☐ Infestation None Obsv | | Storm Sash/Insulated No / Dual / Avg | | Car Storage ☐ None | |
| Effective Age (Yrs) 30 Years | | ☐ Dampness ☐ Settlement | | Screens Yes / Avg | | ☒ Driveway # of Cars 2 | |
| Attic ☐ None | | Heating ☒ FWA ☐ HWBB ☐ Radiant | | Amenities ☒ Woodstove(s) # 0 | | Driveway Surface Concrete | |
| ☐ Drop Stair ☐ Stairs | | ☐ Other Fuel Gas | | ☒ Fireplace(s) # 0 ☒ Fence Block | | ☐ Garage # of Cars 0 | |
| ☐ Floor ☒ Scuttle | | Cooling ☒ Central Air Conditioning | | ☒ Patio/Deck Conc ☒ Porch Cov. Entry | | ☐ Carport # of Cars 0 | |
| ☐ Finished ☐ Heated | | ☐ Individual ☐ Other | | ☒ Pool None ☒ Other None | | ☐ Att. ☐ Det. ☐ Built-in | |

Appliances ☒ Refrigerator ☒ Range/Oven ☒ Dishwasher ☒ Disposal ☐ Microwave ☒ Washer/Dryer ☐ Other (describe)

Finished area above grade contains: 6 Rooms   2 Bedrooms   2.0 Bath(s)   1,224 Square Feet of Gross Living Area Above Grade

Additional features (special energy efficient items, etc.). See additional comments.

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.). The subject is considered to be of average quality construction, in overall average condition. No external or functional inadequacies observed at time of inspection. Physical depreciation calculated using the age/life method. Roof cover appears to be in average condition. Floor plan is adequate.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? ☐ Yes ☒ No If Yes, describe

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? ☒ Yes ☐ No If No, describe

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

# Uniform Residential Appraisal Report

File # 1205555

| There are | 16 | comparable properties currently offered for sale in the subject neighborhood ranging in price from $ 25,000 | | to $ 99,900 | |
|---|---|---|---|---|---|
| There are | 44 | comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 22,750 | | to $ 67,500 | |

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 1814 Poplar Ave Las Vegas, NV 89101 | 429 N 23rd St Las Vegas, NV 89101 | | 2324 E Mesquite Ave Las Vegas, NV 89101 | | 2101 Kirk Ave Las Vegas, NV 89101 | |
| Proximity to Subject | | 0.33 miles NE | | 0.37 miles E | | 0.66 miles N | |
| Sale Price | $ N/A | $ 33,000 | | $ 30,000 | | $ 37,000 | |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 32.54 sq.ft. | | $ 27.57 sq.ft. | | $ 27.51 sq.ft. | |
| Data Source(s) | | Taxstar & MLS # 1217374 | | Taxstar & MLS # 1191281 | | Taxstar & MLS # 1177671 | |
| Verification Source(s) | | APN # 139-35-511-032 | | APN # 139-35-513-028 | | APN # 139-26-710-073 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing Concessions | | Cash Dom 10 | | Cash Dom 25 | | Cash Dom 81 | |
| Date of Sale/Time | | 02/02/2012 | -371 | 03/14/2012 | -675 | 02/23/2012 | -749 |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 6,534 Sq. Ft. | 6,970 Sq. Ft. | | 6,098 Sq. Ft. | | 6,098 Sq. Ft. | |
| View | Neighborhood | Neighborhood | | Neighborhood | | Neighborhood | |
| Design (Style) | 1 Story | 1 Story | | 1 Story | | 1 Story | |
| Quality of Construction | Stucco/Built Up | Frm Shngl/Bltup | | Frm Shngl/Bltup | | Stucco/Built Up | |
| Actual Age | 60 Years | 55 Years | | 64 Years | | 63 Years | |
| Condition | Average | Average | | Average | | Average | |
| Above Grade | Total Bdrms. Baths | Total Bdrms. Baths | -1,000 | Total Bdrms. Baths | | Total Bdrms. Baths | -1,000 |
| Room Count | 6  2  2.0 | 5  3  1.0 | +1,500 | 6  2  2.0 | | 7  3  2.0 | |
| Gross Living Area | 1,224 sq.ft. | 1,014 sq.ft. | +4,200 | 1,088 sq.ft. | +2,720 | 1,345 sq.ft. | -2,420 |
| Basement & Finished | 0 | 0 | | 0 | | 0 | |
| Rooms Below Grade | 0 | 0 | | 0 | | 0 | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FWA / CAC | FWA / CAC | | FWA / CAC | | FWA / CAC | |
| Energy Efficient Items | None Noted | None Noted | | None Noted | | None Noted | |
| Garage/Carport | No Garage | Carport 1 | -500 | No Garage | | No Garage | |
| Porch/Patio/Deck | Patio | Patio | | No Patio | +1,000 | No Patio | |
| Fireplace | No Fireplace | No Fireplace | | No Fireplace | | No Fireplace | |
| Upgrades / Landscaping | Avg / Avg | Avg / Avg | | Avg / Avg | | Avg / Avg | |
| Pool / Spa | | | | | | | |
| Net Adjustment (Total) | | ☒ + ☐ - | $ 3,829 | ☒ + ☐ - | $ 3,045 | ☐ + ☒ - | $ -4,169 |
| Adjusted Sale Price of Comparables | | Net Adj. 11.6 % Gross Adj. 22.9 % | $ 36,829 | Net Adj. 10.2 % Gross Adj. 14.7 % | $ 33,045 | Net Adj. 11.3 % Gross Adj. 11.3 % | $ 32,831 |

I ☒ did ☐ did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research ☐ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data Source(s)   Clark County Assessor / MLS
My research ☒ did ☐ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data Source(s)   Clark County Assessor / MLS
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | None Noted / 3 Years | 12/28/2011 | 02/02/2012 | None Noted / 3 Years |
| Price of Prior Sale/Transfer | None Noted / 3 Years | $81,045 Trustees Deed | $35,784 | None Noted / 3 Years |
| Data Source(s) | Clark County Assessor,MLS | Clark County Assessor,MLS | Clark County Assessor | Clark County Assessor/MLS |
| Effective Date of Data Source(s) | 04/04/2012 | 04/04/2012 | 04/04/2012 | 04/04/2012 |

Analysis of prior sale or transfer history of the subject property and comparable sales   The subject and comparable sales have not been sold within the last 3 years except as given in the grid of the sales comparison approach.

Summary of Sales Comparison Approach    The subject's design, size, age, and maintenance level is compatible with the neighborhood.  The closed sales displayed in the analysis were considered to be the most comparable to the subject and the best indicators of value for the subject.  They are all considered reasonable purchase alternatives.  A reasonable alternative reflects the economic principle of "substitution" whereby a well informed or well advised purchaser will pay no more for a property than the cost of acquiring an equally desirable substitute.  Dollar adjustments are for an estimate reflecting the market's reaction to the difference in the properties, not necessarily the cost of the difference.  A "none noted" amenity entry indicates that the appraiser could not ascertain the existence or non-existance of that amenity and accordingly no adjustments were made.  Sites typical in size and utility were not adjusted for their square foot differences.  In estimating market value each comparable was given equal consideration after market recognized adjustments were made.

Indicated Value by Sales Comparison Approach $  35,000

| Indicated Value by: Sales Comparison Approach $ 35,000 | Cost Approach (if developed) $ | Income Approach (if developed) $ |
|---|---|---|

Greatest consideration on Sales Comparison Analysis as the action of buyers and sellers are reflected therein.  The Cost Analysis is not applicable with the exception of FHA financing of homes new to 12 months old.  When provided, it is per lender request or information only.

This appraisal is made ☒ "as is",  ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,  ☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or ☐ subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair:  This appraisal is made "As Is" and is 100% complete.  No personal property is included in the final value estimate.

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is
$  35,000 , as of  04/04/2012 , which is the date of inspection and the effective date of this appraisal.

| Freddie Mac Form 70 March 2005 | Page 2 of 6 | Fannie Mae Form 1004 March 2005 |
|---|---|---|

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

# Uniform Residential Appraisal Report

File # 1205555

See attached addenda.

**ADDITIONAL COMMENTS**

---

**COST APPROACH TO VALUE (not required by Fannie Mae)**

Provide adequate information for the lender/client to replicate the below cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)      The cost approach was not completed.

ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW

| | | |
|---|---|---|
| OPINION OF SITE VALUE | | =$ |
| DWELLING              Sq.Ft. @ $ | | =$ |
| Source of cost data | Sq.Ft. @ $ | =$ |
| Quality rating from cost service    Effective date of cost data | | =$ |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | |
| Garage/Carport          Sq.Ft. @ $ | | =$ |
| Total Estimate of Cost-New | | =$ |
| Less        Physical    Functional    External | | |
| Depreciation | | =$( ) |
| Depreciated Cost of Improvements | | =$ |
| "As-is" Value of Site Improvements | | =$ |

Estimated Remaining Economic Life (HUD and VA only)          40 Years    INDICATED VALUE BY COST APPROACH          =$

**INCOME APPROACH TO VALUE (not required by Fannie Mae)**

Estimated Monthly Market Rent $      N/A      X Gross Rent Multiplier      N/A      = $          Indicated Value by Income Approach

Summary of Income Approach (including support for market rent and GRM)      Income approach was considered, but due to lack of data was not given any weight.

**PROJECT INFORMATION FOR PUDs (if applicable)**

Is the developer/builder in control of the Homeowners' Association (HOA)? ☐ Yes ☐ No    Unit type(s) ☐ Detached ☐ Attached

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal Name of Project

| Total number of phases | Total number of units | Total number of units sold |
|---|---|---|
| Total number of units rented | Total number of units for sale | Data source(s) |

Was the project created by the conversion of existing building(s) into a PUD? ☐ Yes ☐ No  If Yes, date of conversion.

Does the project contain any multi-dwelling units? ☐ Yes ☐ No  Data Source

Are the units, common elements, and recreation facilities complete? ☐ Yes ☐ No  If No, describe the status of completion.

Are the common elements leased to or by the Homeowners' Association? ☐ Yes ☐ No  If Yes, describe the rental terms and options.

Describe common elements and recreational facilities.

Freddie Mac Form 70 March 2005          Page 3 of 6          Fannie Mae Form 1004 March 2005

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

## Uniform Residential Appraisal Report

File # 1205555

21. The lender/client may disclose or distribute this appraisal report to: the borrower; another lender at the request of the borrower; the mortgagee or its successors and assigns; mortgage insurers; government sponsored enterprises; other secondary market participants; data collection or reporting services; professional appraisal organizations; any department, agency, or instrumentality of the United States; and any state, the District of Columbia, or other jurisdictions; without having to obtain the appraiser's or supervisory appraiser's (if applicable) consent. Such consent must be obtained before this appraisal report may be disclosed or distributed to any other party (including, but not limited to, the public through advertising, public relations, news, sales, or other media).

22. I am aware that any disclosure or distribution of this appraisal report by me or the lender/client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

**SUPERVISORY APPRAISER'S CERTIFICATION:** The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature  *Steve Protheroe* | Signature _____ |
| Name  Steven D Protheroe | Name _____ |
| Company Name  Desert Appraisals, LLC | Company Name _____ |
| Company Address  6295 Mcleod Drive , Suite 18, Las Vegas, NV 89120 | Company Address _____ |
| Telephone Number  (702) 730-2989 | Telephone Number _____ |
| Email Address  steve@desertappraisalsnv.com | Email Address _____ |
| Date of Signature and Report  April 05, 2012 | Date of Signature _____ |
| Effective Date of Appraisal  04/04/2012 | State Certification # _____ |
| State Certification # | or State License # _____ |
| or State License #  A.0004621-RES | State _____ |
| or Other (describe) _____ State # _____ | Expiration Date of Certification or License _____ |
| State  NV | |
| Expiration Date of Certification or License  04/30/2013 | **SUBJECT PROPERTY** |

ADDRESS OF PROPERTY APPRAISED

1814 Poplar Ave

Las Vegas, NV 89101

APPRAISED VALUE OF SUBJECT PROPERTY $    35,000

LENDER/CLIENT

Name _____

Company Name  Fraga

Company Address  1814 Poplar Ave, Las Vegas, NV 89101

Email Address _____

**SUBJECT PROPERTY**

☐ Did not inspect subject property
☐ Did inspect exterior of subject property from street
Date of Inspection _____
☐ Did inspect interior and exterior of subject property
Date of Inspection _____

**COMPARABLE SALES**

☐ Did not inspect exterior of comparable sales from street
☐ Did inspect exterior of comparable sales from street
Date of Inspection _____

Freddie Mac Form 70 March 2005                    Page 6 of 6                    Fannie Mae Form 1004 March 2005

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE